## SAUVE v. ABBOTT et al.

District Court, D. Idaho, E. D.   March 18, 1927.

No. 635.

1. **Waters and water courses ⬅152(2)—Grantee of water right under permit requiring construction held not to have right to decree quieting title in waters, authorizing federal jurisdiction.**

Grantee of right to use of water for irrigation purposes, under permit requiring him to consummate his intended appropriation within certain time, *held* only to have a right to construct and acquire a contingent right, which might ripen into an appropriation or be abandoned for failure to comply with state laws, and not such right as would sustain a decree quieting title and adjudicating priorities, sufficient to authorize jurisdiction of federal court therein.

2. **Waters and water courses ⬅133—Right to use of water in Idaho can be acquired only by complying with laws.**

One does not own water in Idaho, and can only acquire right to a use for beneficial purposes, by complying with the laws of the state.

3. **Waters and water courses ⬅152(2)—Mere permit does not confer any right to water or use which can be quieted.**

A mere permit does not confer any right to water or its use which can be quieted, or priorities between holder thereof and others adjudicated by judicial decree.

In Equity. Suit by Ernest Sauve against W. H. Abbott and others. On motions to dismiss the complaint. Motions sustained, with leave to amend.

Karl Paine and H. S. MacMartin, both of Boise, Idaho, for plaintiff.

C. E. Crowley, of Idaho Falls, Idaho, F. A. Miller, of St. Anthony, Idaho, and B. H. Miller, of Idaho Falls, Idaho, for defendants.

CAVANAH, District Judge. The plaintiff, a nonresident, brings this suit to adjudicate the waters of Mud Lake and its tributaries, which are situated in Jefferson county, and bases his claim of a prior right and ownership in and to such waters to the extent of 6.4 cubic feet per second of water for irrigation purposes, upon a permit granted on August 28, 1926, by the department of reclamation of the state of Idaho. Under the terms of the permit, plaintiff was given until February 28, 1928, to complete one-fifth of the construction work, and until August 28, 1929, to complete the whole of such works. Beneficial use of the water is also required to be made by August 28, 1931. The complaint further discloses by way of a general statement that plaintiff has in proper time and manner complied with the conditions and limitations required by the permit, and that the lands referred to are now being irrigated through a diversion and application of the waters so appropriated. The action was brought on September 15, 1926.

The defendants, Gus E. Brauer, administrator of the estate of Annie J. Bennett, deceased, et al., and James Laird, move to dismiss the complaint, and assign two reasons: (1) That the requisite jurisdictional amount to give this court jurisdiction is not involved; (2) that sufficient facts are not stated to constitute a cause of action. While the complaint sets forth the general allegation that the matter in dispute exceeds in value the sum of $3,000, exclusive of interest and costs, yet I find, after reading the complaint, that the two objections must be considered together. If there is a failure to state sufficient facts to establish the claim of plaintiff, and to sustain a decree quieting title to the use of the waters, then there would not be presented such an interest in or right to the use of the waters showing any value or a substantial financial or property interest in an amount necessary to give the court jurisdiction.

The only ground for equitable relief exhibited by the complaint is found in the charge that the plaintiff, on August 24, 1926, made application to the commissioner of reclamation of the state of Idaho to appropriate 6.4 cubic feet per second of the waters of Mud Lake for the irrigation of said lands, which was on August 28th approved by the commissioner and a water permit granted to the plaintiff. And it is further set forth that the land for which the water was so appropriated under the permit is now being irrigated through the diversion and application of the water.

[1, 2] The sole question, therefore, for decision, is whether the plaintiff has such an interest in property or an established right to the use of the waters as would sustain a de-

cree quieting title thereto and adjudicating priorities between him and the defendants. One does not own water in Idaho. He can acquire only the right to a use for beneficial purposes by complying with the laws of the state. Here the plaintiff's claim of right is under the permit granted 18 days before this suit was instituted, and is nothing more than an inchoate one. It is not a present estate or interest in the waters, or an established claim or right to the use thereof, and cannot be made the foundation of quieting title thereto. The only right which the plaintiff acquires under the permit is the right to prosecute the works required to consummate his intended appropriation, and until the works are completed and a license issued by the commissioner of reclamation the appropriation does not become perfect and final.

One cannot read the complaint, and apply to it the doctrine recognized by the courts, without being persuaded and forced to the conclusion that under this permit nothing but consent is given by the state to construct and acquire a contingent right, which may ripen into an appropriation, or it may be abandoned and lost by the holder for failure to comply with the requirements of the laws of the state. This doctrine is recognized by an unbroken line of decisions of the Supreme Court of Idaho, when interpreting the statutes of the state relating to the issuance of water permits and the extent of the rights thereunder.

Carrying this thought further; suppose the court should decree to plaintiff the right under the permit to the use of the amount of water called for by it, and the plaintiff should thereafter fail to comply with its terms and the requirements of the statute in the completion of the appropriation, then would not the court be attempting to decree to the plaintiff an interest in or claim to the use of water in which there is no present estate or established claim, and at the same time defeat or make subsequent the established rights of others?

[3] It is therefore obvious, from what has been said, that a mere permit does not confer any right to water or its use which can be quieted, or that priorities between the holder thereof and others be adjudicated, by judicial decree.

The motions to dismiss are sustained, and plaintiff is given 20 days within which to amend.